IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Constance Hauck Adamson, ) | |
| ) | Civil Action No. 6:04-22979-HMH-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the court for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)((B).

The plaintiff filed a *pro se* complaint on November 15, 2004, apparently seeking "back pay" of Social Security benefits under Title II and/or Title XVI of the Social Security Act (hereinafter "the Act"). On April 7, 2005, the defendant filed a motion to dismiss for lack of subject matter jurisdiction and improper venue.

Sections 205(g) and (h) of the Act, provide for limited judicial review of final decisions on claims arising under Title II or Title XVI of the Act as follows:

> (g)   Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.
>
> (h)   The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner, or any officer or

>employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this title.

42 U.S.C. § 405(g) and (h).  Thus, the only judicial remedy available to an individual with respect to a "claim arising under" the Act is a civil action brought against the Commissioner of Social Security under Section 205(g), after exhaustion of administrative remedies.  *See Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984).  Such an action, however, can be brought only after the Commissioner has rendered a "final decision" on the claim after a hearing.  *See* 42 U.S.C. §405(g).

Because the plaintiff has not alleged that the Commissioner rendered a final decision after a hearing on a claim for benefits under Title II or Title XVI of the Act and because the defendant has no record of any request for such a hearing filed by the plaintiff, it is recommended that the defendant's motion to dismiss be granted.

s/William M. Catoe<br>United States Magistrate Judge

June 20, 2005

Greenville, South Carolina

2