IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Constance Hauck Adamson, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 6:04-22979-HMH-WMC |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Constance Hauck Adamson ("Adamson") filed a pro se complaint on November 15, 2004, seeking "back pay" of Social Security benefits under Title II and Title XVI of the Social Security Act ("Act"). On April 7, 2005, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and improper venue. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was filed on May 6, 2005. In his Report and Recommendation, the Magistrate Judge recommends granting Defendant's motion to dismiss for lack of subject matter jurisdiction. Adamson filed objections to the Report on June 29, 2005.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, Adamson fails to raise specific objections to the dispositive portions of the Magistrate Judge's Report. In the Report, the Magistrate Judge concluded that this court lacks subject matter jurisdiction over this action under 42 U.S.C.A. §§ 405(g) and (h) (West Supp. 2005). The Magistrate Judge stated: "[Adamson] has not alleged that the Commissioner rendered a final decision after a hearing on a claim for benefits under Title II or Title XVI of the Act and . . . [the Commissioner] has no record of any request for such a hearing filed by [Adamson]." (Report at 2.) In the objections, Adamson responds: "Of course I request a hearing with the Commissioner . . . . I can't reach anyone . . . any other way unless it's in Federal Court. Therefore, I would like to request a hearing on a claim for benefits." This response fails to demonstrate that Adamson properly exhausted, or even attempted to exhaust, her administrative remedies by requesting a hearing with the Commissioner of the Social Security Administration as required under §§ 405(g) and (h) before seeking judicial review of a civil action for benefits under Title II of Title XVI of the Act. For the reasons discussed above, Adamson fails to raise any specific objections to the dispositive portions of the Report and, therefore, the court adopts the Report and Recommendation.

Therefore, it is

**ORDERED** that Defendant's motion to dismiss, Document number 10, is granted.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
August 11, 2005